NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK PETERSON, | No. 20-35070 |
| Plaintiff-Appellee, | D.C. No. 1:18-cv-03136-RMP |
| v. | |
| CITY OF YAKIMA, a local governmental entity; TONY O'ROURKE, | MEMORANDUM* |
| Defendants, | |
| and | |
| MARK SOPTICH; ANTHONY DOAN, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted November 18, 2020**
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Edward M. Chen, United States District Judge for the

In this interlocutory appeal, Defendants/Appellants Anthony Doan and Mark Soptich challenge the district court's denial of qualified immunity in a First Amendment retaliation case. We dismiss for lack of jurisdiction.

Any "portion of a district court's summary judgment order that, though entered in a 'qualified immunity' case, determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial . . . is not appealable." *Johnson v. Jones*, 515 U.S. 304, 313 (1995). Under *Johnson*, "[a]ny decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.'" *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009)). Interlocutory review jurisdiction, instead, is "confined to the question of 'whether the defendant[] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff's favor.'" *Id.* at 836 (quoting *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)).

Appellants contend that they cannot be liable for retaliation because there is no evidence that either of them had any knowledge of Plaintiff/Appellee Mark Peterson's protected First Amendment activities. The record in this case, however, certainly contains evidence that could support a fact-finder's determination that

Northern District of California, sitting by designation.

both Appellants did in fact have knowledge of Peterson's protected activities. Appellants thus mischaracterize an issue of fact (namely, whether the evidence is sufficient to find that they had knowledge of Peterson's protected activities) as an issue of law that is premised on a lack of evidence of such knowledge. Appellants' true dispute concerns sufficiency of the evidence. We have no jurisdiction over it.

**DISMISSED.**